```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

UNITED STATES,                    )
     Plaintiff,                   )
                                  )
     v.                           )    No. 10-cv-11236-MLW
                                  )
29 ROBINSON BLVD, MEDWAY,         )
MAINE, et al.,                    )
     Defendants.                  )
```

                           MEMORANDUM AND ORDER

WOLF, D.J.                                           September 7, 2012

On July 22, 2010, the United States filed an <u>in</u> <u>rem</u> civil forfeiture action against: 29 Robinson Boulevard, Medway, Maine; One Green 1995 Mercedes Benz SL600R bearing vehicle identification number WDBFA76E4SF108140; One Green 1999 Mercedes Benz CLK 320A bearing vehicle identification number WDBLK65GXT017397; 368 Elm Street, South Dartmouth, Massachusetts; and 4 Seaward Lane, South Dartmouth, Massachusetts (the "Defendant Properties"). The United States asserts that the Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. §981(a)(1)(c) and 28 U.S.C. §2461(c) because they constitute or are derived from proceeds traceable to violations of 18 U.S.C. §1343, and/or because they were involved in money laundering transactions in violation of 18 U.S.C. §§1956 and/or 1957. On July 29, 2010, Judge Nancy Gertner found probable cause for forfeiture, and on August 3, 2010, issued a Warrant and Monition against the Defendant Properties and a Restraining Order against the Maine, Elm Street, and Seaward Lane Properties. The Warrant and Monition instructed the United States

to give notice of the forfeiture action to all interested parties, including Richard Souza, who was subsequently arrested for conduct relating to the Defendant Properties, either by mail or by hand. The Warrant and Monition provided that all claims to the Defendant Properties must be filed within "60 days after the first day of publication on the official government forfeiture website or within thirty-five days after receipt of actual notice, whichever is earlier."

On August 12, 2010, Souza was arrested pursuant to a warrant based on a criminal complaint issued against him for violations of 31 U.S.C. §5324(a)(3), structuring cash transactions to evade reporting requirements. Souza was released on conditions on August 26, 2010, but was again arrested on September 21, 2010, for violating his conditions of release. On September 30, 2010, Souza was indicted for violating 31 U.S.C. §5324(a)(3). Souza was again released on conditions on October 27, 2010, but was subsequently arrested once again on November 17, 2010, for violating his conditions of release. Souza was convicted after a three-day jury trial in February, 2012. On August 1, 2012, Souza was sentenced to 51 months in custody by Judge Richard Stearns. He is currently appealing his conviction and sentence.

Souza, pro se, has now filed several motions with this court regarding forfeiture of the Defendant Properties. On August 31, 2011, Souza filed an ex parte motion to dismiss with prejudice (the

"Motion to Dismiss"), requesting that the court dismiss both this case and the criminal case because of "fraud on the court," slander, libel malpractice, professional misconduct, prosecutorial misconduct, judicial misconduct, perjury, collusion, fraud and incompetence. Souza asserts that he did not receive notice of forfeiture of the Defendant Properties until August 19, 2011. He also alleges several deficiencies in his criminal proceedings, including wrongful detention, collusion between the prosecutor and his attorney to waive his speedy trial rights, and violations of his civil rights by then Magistrate Judge Timothy Hillman, the prosecutor, and multiple attorneys who were appointed to represent him. Souza subsequently filed, on October 13, 2011, a "Claim and Request for a Jury of 12 Trial, Should Claimant's Motion to Dismiss With Prejudice for Defendant(s) be Denied!" (the "Claim"), alleging violations of his constitutional civil rights. The government filed a timely opposition and motion to strike the Claim. On November 18, 2011, Souza filed a "Claimant's Support of Claim and Request Granting Dismissal for Defendant's and Order to Return Property and Release Liens," also opposed by the government. Souza has also requested that the court appoint him counsel. The government has filed a Motion for Judgment of Forfeiture as to 29 Robinson Boulevard and One 1995 Green Mercedes Benz.

    The court acknowledges that, because Souza filed the Motion to Dismiss ex parte, the government has not been given an opportunity

to respond to the arguments made in the Motion to Dismiss. However, because Souza alleges, in the Motion to Dismiss, that he did not receive notice of the forfeiture until August 19, 2011, and the notice issue is addressed in the government's opposition to the Claim, the court has the information and arguments necessary to decide this issue.

Forfeiture actions <u>in rem</u> are governed by Rule G of the Supplemental Rules (to the Federal Rules of Civil Procedure) For Admirality or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules"). Supplemental Rule G(4)(b)(i) requires that the government provide direct notice of <u>in rem</u> forfeiture to all known potential claimants before the end of the time for filing a claim. Rule G(4)(b)(iii)(A) states that the notice must be "sent by means reasonably calculated to reach the potential claimant." The provisions of Rule G(4)(b)(iii) have been accurately described as:

> simply a restatement of the due process requirements that courts have always applied to determine whether notice is reasonable. Where proper notice is not otherwise defined by statute or rule, courts evaluate the sufficiency of notice under a due process standard. Due process is satisfied where notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

<u>United States v. Muckle</u>, 709 F. Supp. 2d 1371, 1373 (M.D. Ga. 2010) (quoting <u>Dusenbery v. United States</u>, 534 U.S. 161, 163 (2002)). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the

4

government demonstrate that it was successful in providing actual notice." Mesa Valderrama v. United States, 417 F.3d 1189, 1197 (11th Cir. 2005) (citing Dusenbery, 534 U.S. at 170). Accordingly, whether the potential claimant actually received notice is not decisive. Rather, the court must determine whether the notice the government attempted to provide to Souza was reasonably calculated to reach him.

In this case, the government served Souza with copies of the Complaint, Warrant and Monition and Restraining Order at Souza's home at 4 Seaward Lane on August 12, 2010, the day he was arrested. The Proof of Service filed with the court indicates that the process server, a Treasury Agency Officer, left the Verified Complaint, Warrant and Monition, and Restraining Order with Pamela Goes at 4 Seaward Lane on August 12, 2010. This does not comply with the literal language of the Warrant and Monition, which instructed the government to serve Souza either by mail or by hand at 4 Seaward Lane.  However, the court finds that leaving the documents with Goes, a resident of 4 Seaward Lane, constitutes notice reasonably calculated to reach Souza, because it satisfies the requirements for valid service under Federal Rule of Civil Procedure 4(e)(2)(A).  That Rule states that an individual may be served in a judicial district of the United States by "leaving a copy . . . . at the individual's dwelling or usual place of abode

5

with someone of suitable age and discretion who resides there."[1] Further, pursuant to the Warrant and Monition, the government also provided public notice of the forfeiture on an official government internet site from September 9, 2010, to October 8, 2010, in compliance with Supplemental Rule G(4)(a)(iv)(C). Moreover, again in compliance with the Warrant and Monition, on November 2 and 4, 2010, the government posted copies of the Complaint, Warrant and Monition, and Restraining Order on the Maine Property, Elm Street Property, and Seaward Lane Property.

Finally, on December 13, 2010, the government sent, by certified mail, copies of the Complaint, Warrant and Monition, and Restraining Order to attorneys Catherine Byrne, who had previously represented Souza in his criminal case, and Eduardo Mansferrer, who represented Souza in his criminal case at the time. The court finds that the notice provided to Souza through his criminal attorneys was not timely and, therefore, has not relied on it in concluding that Souza received proper notice. The government reports that it provided public notice of the forfeiture on an official government internet site beginning on September 9, 2010. Accordingly, the 60-day period for filing a claim ended on November 8, 2010. However,

---

[1] Although Souza argues that "Docket #17, 2-14-11, recognizes mistake of service and the filing thereof," this is not accurate. The docket reflects that a mistake was made by the docket clerk in docketing the wrong document, and that it was corrected and the proper proof of service was docketed. However, this is an error in docketing, not an error in service.

the government did not serve Souza's attorneys with a copy of the Warrant and Monition until December 13, 2010, at which point the 60-day period from the date of publication for filing a claim had already expired. Accordingly, this method of notice was not reasonably calculated to reach the potential claimant in time for him to assert a valid claim.

However, the court finds that the other actions of the government are sufficient to constitute notice by "means reasonably calculated to reach the potential claimant." Supp. Rule G(4)(b)(iii)(A). The government served Souza with notice at his last known residence, 4 Seaward Lane. Although service was effected on the day Souza was arrested, he was released from detention on August 26, 2010. During the period of his release, the government published notice of the forfeiture on an official government internet site, and it remained there from September 9, 2010, through October 8, 2010, although Souza was detained again for violating his release conditions on September 21, 2010. Souza was again released on conditions from October 27, 2010, to November 17, 2010, and during his release, the government posted copies of the Complaint, Warrant and Monition and Restraining Order on the real properties themselves on November 2, and 4, 2010.[2]

---

[2]The court recognizes that, although this posted notice falls within the 60-day period for filing a claim, it would have given Souza only a few days to file a claim in a timely manner, as the time period for filing a claim ended on November 8, 2010. However, combined with the other methods by which Souza was given

The court finds that in several ways the government provided notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Muckle, 709 F. Supp. 2d at 1373. Accordingly, Souza's due process right to proper notice was not violated. See id.

In addition, even if the court accepts Souza's assertion that he did not receive timely notice, the error is harmless and Souza has suffered no prejudice, because the court is exercising its discretion to consider Souza's claim and finds that he does not have standing to bring it. See United States v. Gagliardi, 1999 WL 1338351, at *3 (1st Cir. 1999) (unpublished table decision) (holding alleged lack of notice harmless as claimant "failed to state any grounds upon which he could contest this forfeiture on the merits"); United States v. Watkins, 320 F.3d 1279, 1284 (11th Cir. 2003).

In civil forfeiture cases, a potential claimant must establish both constitutional and statutory standing in order to bring a claim. See United States v. One-Sixth Share of James J. Bulger in All Present and Future Proceeds of Mass Millions Lottery Ticket No. M246233, 326 F.3d 36, 40 (1st Cir. 2006). "As to constitutional standing, 'It is well established that a party seeking to challenge a forfeiture of property must first demonstrate an ownership or

---

notice, the court does not find this insufficient.

possessory interest in the seized property in order to have standing to contest the forfeiture.'" Id. (quoting United States v. 116 Emerson St., 942 F.2d 74, 78 (1st Cir. 1991)). Although "at the initial stage of intervention, the requirements for a claimant to demonstrate constitutional standing are very forgiving," a potential claimant must demonstrate at least a "colorable claim on the defendant property" to establish constitutional standing. One-Sixth Share, 326 F.3d at 41.

Souza demands "the return of all property in Gov't possession, release of all lien's [sic] and the return of $65,000, obtained by the Gov't through their fraud and dishonest conduct." See Claim at 1. However, he does not allege that he has any ownership or possessory interests in any of the properties. Although he requests the return of all property in the government's possession, he does not request that it be returned to him specifically. Souza includes $65,000 in the request, the amount paid by claimant Pamela Goes to settle her claim to two of the properties. In an affidavit submitted on September 27, 2011, Souza requests the return of all properties in plaintiff's possession, not to him, but to "where it came from, including the $65,000 dollars, extorted, from an innocent property owner." Sept. 27, 2011 Aff. of Souza at 2-3. Accordingly, Souza not only does not allege an ownership or possessory interest in the properties, but also acknowledges that at least some of the interests he asserts belong to Goes, not him.

The closest Souza comes to even asserting an ownership interest is a statement, made not an in affidavit but in his response to the government's opposition to his request for the return of property, that:

> Neither has the Claimant(s) been involved in a crime, or convicted thereof, it is therefore stated and a fact that claimant(s) are innocent owners. And since the Govt. acknowledges said, Possessory Interest's as well as Proprietary Rights, and Ownership Rights. These properties should be released (Returned) and due to illegal seizure, govt. found liable for all losses incurred by Claimant(s)/Defendant(s).

The court finds this general statement, containing vague allusions to various interests and rights and failing to identify the specific claimant, specific property, and specific interest in such property, insufficient to demonstrate a colorable claim to the Defendant Properties.[3]

In addition, although the Ninth Circuit has held that "a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing," United States v. $133,420.00 in U.S. Currency, 672 F.3d 629, 638 (9th Cir. 2012), the First Circuit has indicated that more than a bare assertion of ownership is necessary. See United States v. United

---

[3]The court acknowledges that one of the Defendant Properties, 4 Seaward Lane, is Souza's last known residence. However, Souza does not assert any ownership or possessory interest in this property. Further, in claimant Pamela Goes's Claim, she states that, although she was in a relationship with Souza for a period of time and he was her tenant for a period of time after that, she is the sole owner of 4 Seaward Lane. See Goes Claim at 1, ¶22, 32.

States Currency, $81,000, 189 F.3d 28, 35 (1st Cir. 1999) (stating that "[c]ourts have held that an allegation of ownership and some evidence of ownership are together sufficient to establish standing to contest a civil forfeiture" and citing United States v. $38,570 U.S. Currency, 950 F.2d 1108, 1113 (5th Cir. 1992) ("[A] claimant is required to submit some additional evidence of ownership along with his claim in order to establish standing to contest the forfeiture.")); see also United States v. All Funds on Deposit on or Before November 8, 1004 in Citibank Acct. No. 42773634 in the Name Imtiaz Ahmed Kahn, 955 F. Supp. 23, 27 (E.D.N.Y. 1997) (bare assertion of ownership insufficient). In any event, Souza has failed to make an unequivocal assertion of an ownership interest in the Defendant Properties.

Souza has also failed to establish statutory standing. "Statutory standing is established through strict compliance with Supplemental Rules G(5) and G(6)." United States v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M036428, 680 F. Supp. 2d 816, 822 (E.D. Mich. 2010); see also United States v. $12,126.00 in U.S. Currency, 337 Fed. App'x 818, 819 (11th Cir. 2009). Supplemental Rule G(5)(a)(i) provides that:

> [a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

11

Souza has failed to comply with Supplemental Rule G(5)(a)(i)(A) because he has not identified the specific property claimed. He has also failed to comply with Supplemental Rule G(5)(a)(i)(B) because he has not stated his interest in the property.

If a claimant fails to comply with the Supplemental Rules:

> [b]ecause the procedures prescribed by the Supplemental Rules play an important role in structuring forfeiture suits and ensuring that they proceed efficiently, a court is authorized to strike the claim and/or answer of any claimant who fails to follow the Rules' procedural dictates. See Supp. R. G(8)(c)(i)(A). Courts generally expect claimants to adhere strictly to those requirements.

United States v. All Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d 97, 101 (D.D.C. 2009). "[W]here claimants are proceeding pro se, courts may excuse some minor procedural failings" so long as "the underlying goals of" the Supplemental Rules "are not frustrated." Bank Julius Baer, 664 F. Supp. 2d at 101. However, the failure to identify any specific property, much less assert any interest in it, does not qualify as a minor procedural failing. Rather, Souza has failed to comply with the fundamental requirements of Supplemental Rule G(5). Souza, therefore, has not established constitutional or statutory standing to bring a claim, and the court is allowing the government's motion to strike Souza's claim.

Since Souza has failed to establish standing to contest forfeiture of the Defendant Properties, he may not move to dismiss the civil forfeiture action. See Supplemental Rule G(8)(b)(i) ("A

claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)."); see also One-Sixth Share, 326 F.3d at 41 ("A party who fails to file a claim normally lacks standing to contest a forfeiture." (internal quotations and citations omitted)). Accordingly, it is not necessary or appropriate for the court to reach the merits of Souza's Ex Parte Motion to Dismiss, although the court has already decided his claim of inadequate notice.

In his Claim, Souza has also asked the court to reconsider the Motion to Dismiss. Federal Rule of Civil Procedure 60(b) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons. However, the court had not yet ruled on Souza's Motion to Dismiss when he moved for reconsideration, and no final judgment or order had been issued. Accordingly, the Motion for Reconsideration was premature.

Souza has also filed a motion entitled "Claimant's Support of Claim and Request Granting Dismissal for Defendant's and Order to Return Property and Release Liens," asserting again that he did not receive timely notice and also arguing that: (1) a criminal conviction is required before the government may bring a civil forfeiture action; and (2) the United States filed this civil matter after the statute of limitations expired. He requests, among other things, the "return of all properties in plaintiff's possession return to where it came from." Souza has not identified

13

the basis for this motion. However, regardless of whether the court construes this filing as an additional motion to dismiss the civil forfeiture case or a motion for return of property, it is not proper to consider the substantive arguments raised in the motion.

Because Souza requests the return of property in the plaintiff's possession, the court finds that this motion could reasonably be construed as a motion for return of property. Motions for return of property are governed by Federal Rule of Criminal Procedure 41(g). See Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."). Courts have assumed that litigants moving for return of property proceed under Federal Rule of Criminal Procedure 41(g). See, e.g., United States v. Assorted Computer Equipment, 2004 WL 784493, at *1 (W.D. Tenn. Jan. 9, 2004); United States v. Sims, 376 F.3d 705, 707 (7th Cir. 2004). In addition, Souza titles his response to the government's opposition to this motion an "Opposition and . . . . Also Motion for Rule 41(e) and TRIAL by Jury of 12." Souza's response also contains a section entitled "Motion for Rule 41(e)."[4]

If Souza's motion is construed as a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g), it

---

[4]Effective December 1, 2002, Federal Rule of Criminal Procedure 41 was amended and reorganized, and motions for return of property, which were previously brought pursuant to Rule 41(e), are now brought pursuant to Rule 41(g).

14

is not appropriate for the court to reach the merits of it. Federal Rule of Criminal Procedure 41(g) provides for an equitable remedy in criminal proceedings in the form of the return of property seized unlawfully. See Sims, 376 F.3d at 707; De Almeida v. United States, 459 F.3d 377, 382 (2d Cir. 2006). This remedy is sought in criminal proceedings, not civil proceedings. See United States v. Quezada, 439 Fed. App'x 824, 827 (11th Cir. 2011) (finding that Rule 41(g) motion is "not the appropriate means of challenging" property forfeited in an administrative action); Fed. R. Crim. P. 1(a)(5)(B) (stating that the Federal Rules of Criminal Procedure do not apply to "civil property forfeiture[s] for violating a federal statute").

However, because Souza is pro se, the court may liberally construe his motion as an action brought to challenge the civil forfeiture of the property at issue in this case. See, e.g., Quezada, 439 Fed. App'x at 827. Nevertheless, it is still not appropriate for the court to reach the merits of Souza's arguments, because Souza does not have standing to move to dismiss the civil forfeiture action, as discussed earlier. Further, Souza has waived any new grounds for dismissal because he failed to raise them in his original ex parte motion to dismiss. See Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier

15

motion.").

With regard to Souza's arguments related to alleged procedural failings in his criminal case, including a "Motion to Suppress/Strike Affidavit By Timothy Saunders U.S. Agent" and a "Request for Certificate of Probable Cause," this is not the proper forum to assert those claims. However, the court acknowledges that the instant civil forfeiture case has been mislabeled on the docket as forfeiture of property due to drugs, which is not accurate. Accordingly, the court instructs the clerk to correct the docket to reflect the proper grounds for forfeiture, wire fraud and involvement in money laundering transactions.

Souza also requests that he be appointed counsel. A plaintiff in a civil case, including civil forfeiture proceedings, does not have a constitutional right to counsel. See United States v. 6 Fox Street, 480 F.3d 38, 45 (1st Cir. 2007). A court is not required to appoint counsel for an indigent civil litigant unless "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The court does not find that exceptional circumstances warrant the expenditure of scarce pro bono resources here.

Further, 18 U.S.C. §983(b)(1)(A) provides for possible court appointment of counsel in forfeiture proceedings for indigent civil litigants who are represented by court-appointed counsel in a

16

related criminal case. However, 18 U.S.C. §983(b)(1)(B) states, "[i]n determining whether to authorize counsel to represent a person under subparagraph (A), the court shall take into account . . . . the person's standing to contest the forfeiture." As discussed earlier, Souza has not established standing to contest the forfeiture in the instant case. Accordingly, Souza's request for appointed counsel is being denied without prejudice.

Finally, the court is allowing the government's Motion for Forfeiture of 20 Robinson Boulevard and One 1995 Green Mercedes Benz, as Souza has not stated a valid interest in these properties and, therefore, their forfeiture would not cause him prejudice.

Accordingly, it is hereby ORDERED that:

1. The United States' Motion to Strike Claim (Docket No. 65) is ALLOWED. Souza's Claim and Request for Jury of 12 Trial, Should Claimant's Motion to Dismiss With Prejudice for Defendant(s) be Denied! (Docket No. 64) is STRICKEN.

2. Souza's <u>Ex Parte</u> Motion to Dismiss with Prejudice for Defendant (Docket No. 59) is DENIED.

3. Souza's Motion for Reconsideration (Docket No. 64) is DENIED as premature.

4. Souza's Claimant's Support of Claim and Request Granting Dismissal for Defendant's and Order to Return Property and Release Liens (Docket No. 67) is DENIED.

5. Souza's request for counsel (Docket No. 75) is DENIED

without prejudice.

    6. The United States' Motion for Judgment of Forfeiture as to 29 Robinson Boulevard and One 1995 Green Mercedes Benz (Docket No. 60) is ALLOWED.

                                                <u>/s/ Mark L. Wolf</u>
                                      UNITED STATES DISTRICT JUDGE